100943-7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
West Palm Beach Division

HENRIETTA PHILLIPS,

    Plaintiff,　　　　　　　　　　　　　Case No.: 9:21-cv-80413-DMM

v.

DELTA AIR LINES, INC.　　　　　　　　　JURY TRIAL REQUESTED

    Defendant.

_____/

### DELTA AIR LINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The Defendant, DELTA AIR LINES, INC. (hereinafter "Delta"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses, and states:

### JURISDICTIONAL ALLEGATIONS

1. Delta is without knowledge, and therefore, demands strict proof thereof.
2. Admitted.
3. Delta is without knowledge, and therefore, demands strict proof thereof.

### COMMON ALLEGATIONS OF FACT

4. Admitted that Delta is a commercial air carrier and operates flights into the State of Florida.
5. Delta is without knowledge, and therefore, demands strict proof thereof.
6. Denied, and Delta demands strict proof thereof.
7. Delta is without knowledge, and therefore, demands strict proof thereof.

1

## COUNT I
## NEGLIGENCE

8. Delta incorporates the allegations in paragraphs 1 through 7 as if fully set forth herein.

9. Denied, and Delta demands strict proof thereof.

10. Denied, and Delta demands strict proof thereof.

11. Denied, and Delta demands strict proof thereof.

12. Denied, and Delta demands strict proof thereof.

Delta DENIES Plaintiff's WHEREFORE Clause in its entirety.

WHEREFORE, Delta demands judgment against HENRIETTA PHILLIPS, and states she should recover nothing in this action, and for any other relief the Court finds appropriate. Delta Air Lines, Inc. further demands a trial by jury of all issues so triable as to right by a jury.

## AFFIRMATIVE DEFENSES

1. Delta is an air carrier certificated and regulated by the Federal Aviation Administration. The Plaintiff's claims relate directly to the services provided by Delta during the course of the subject flight. Pursuant to 49 U.S.C. § 41713, the Plaintiff's state law claims are preempted by Federal law, and the Plaintiff has failed to state a cause of action upon which relief may be granted.

2. The Plaintiff's claims are preempted by Federal law which preempts any standard of care for claims that an airline negligently hired, trained, selected or supervised any member of the flight crew.

3. The Plaintiff's claims are preempted by Federal law which provides the standard of care regarding aviation safety and the operation of aircraft.

4. The Plaintiff's claims are preempted by Federal law pursuant to the Supremacy Clause of the United States Constitution, which states that Federal law "shall be the supreme Law of the Land."

5. Plaintiff's claims are preempted by the Federal Aviation Regulations, and other Federal standards, which preclude any finding of liability against Delta.

6. To the extent the First Amended Complaint seeks to impose duties on Delta that are above and beyond and different than those duties imposed by federal law, those causes of action are preempted by federal law and should be dismissed.

7. Plaintiff's claims are preempted by the Federal Aviation Act of 1958, and the subsequent Airline Deregulation Act of 1978.

8. Plaintiff's cause of action is barred, in whole or in part, because Delta's conduct was in conformity with, and was pursuant to, all applicable statutes, governmental regulations, and industry standards.

9. The First Amended Complaint fails to state a cause of action upon which relief may be granted.

10. The damages complained of were solely the result of unforeseeable intervening and/or superseding events and/or intervening acts of persons or entities over which Delta had no control, and therefore Plaintiff may not recover.

11. Delta performed and fulfilled all obligations, duties, and responsibilities owed to Plaintiff, and therefore Plaintiff may not recover.

12. The incident alleged in the First Amended Complaint was not proximately or legally caused by any act or omission on the part of Delta.

13. Delta states that the Plaintiff has failed to mitigate damages and any such recovery should be proportionately reduced as a result of this failure.

14. Delta specifically claims any credit or set-off to which the Defendant may be entitled for any and all payments paid or payable to the Plaintiff for any damages alleged in the First Amended Complaint from any collateral source whatsoever.

15. Delta demands a trial by jury of all issues so triable as of right by a jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 08th, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

*/s/ Jennifer Castro*
Dennis M. O'Hara, Esquire
Florida Bar No. 148434
dohara@wickersmith.com
Christopher J. Jahr, Esquire
Florida Bar No. 73066
cjahr@wickersmith.com
Jennifer Castro, Esquire
Florida Bar No. 48721
jcastro@wickersmith.com
WICKER SMITH O'HARA MCCOY & FORD, P.A.
*Attorneys for Delta Air Lines, Inc.*
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302
Phone: (954) 847-4800
Fax:    (954) 760-9353
ftlcrtpleadings@wickersmith.com