100943-7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
West Palm Beach Division

HENRIETTA PHILLIPS,

    Plaintiff,

v.

DELTA AIR LINES, INC.

    Defendant.

_____ /

Case No.: 9:21-cv-80413-DMM

JURY TRIAL REQUESTED

**DEFENDANT, DELTA AIR LINES, INC.'S,**
**MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURE**

Defendant, DELTA AIR LINES, INC. ("Delta"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 26(a)(2) and 37(c)(1), hereby files its Motion to Strike Plaintiff's Expert Disclosures, strike Captain Thomas A. McHale's expert report, and bar Captain Thomas A. McHale, Plaintiff's Airline Pilot/Airline Operations Expert, from testifying at trial, and in support thereof, states:

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

This is an accident for personal injury in which Plaintiff claims she suffered a spinal fracture during an alleged hard landing while she was a passenger on a Delta Air Lines, Inc. flight from Fort Lauderdale, Florida to Raleigh-Durham, North Carolina. The alleged incident occurred on May 2, 2019, upon landing in North Carolina. No other passenger or crewmember complained of a hard landing or injury.

Delta did not even learn of this claim until November 10, 2020 (more than 18 months after the alleged incident) when it was first contacted by Plaintiff's counsel. Plaintiff then initiated this lawsuit on February 26, 2021. *See* ECF No. 1. However, Plaintiff did not provide Delta notice of

this lawsuit until May 05, 2021, when Plaintiff's counsel delivered a courtesy copy of the First Amended Complaint (ECF No. 5) to Delta's claim representative via e-mail. Delta thereafter retained the undersigned counsel to defend the lawsuit.

On March 16, 2021 (before Delta appeared), the Court entered the Order Referring Case and Setting Trial Date, which set the case for trial during the two-week trial period commencing October 25, 2021. *See* ECF No. 3. On March 18, 2021, two (2) days later, the Court entered its Pretrial Scheduling Order and Order Referring Case to Mediation (ECF No. 4) setting the pretrial deadlines and discovery plan for the Parties.

Plaintiff took no further action to prosecute this lawsuit until she filed an Amended Complaint on May 05, 2021 (ECF No. 5). After Delta received a courtesy copy of the Amended Complaint via e-mail, Delta waived service of process (ECF No. 9). It was only by reviewing the online Docket that Delta learned of the Pretrial Scheduling Order — and Delta took immediate steps to ensure compliance with all of the deadlines therein. The undersigned counsel promptly filed their notices of appearance on May 18, 2021 and May 19, 2021.

Delta has diligently worked to comply with the Pretrial Scheduling Order. On May 19, 2021, only one (1) day after Defendant's appearance in the case, the Parties conducted their Rule 26 Conference as required by the federal rules and the local rules, and discussed the Parties proposed discovery plan. Delta then served Plaintiff with initial discovery, served its initial Rule 26 disclosures, filed its Certificate of Interested Persons and Corporate Disclosure Statement, filed an Agreed Motion for Protective Order for Handling of Sensitive Security and Trade Secret Information, and filed an Agreed Motion for Rule 35 Examination. Delta also noticed Plaintiff for deposition on July 7, 2021, and she is currently set for her medical examination with Delta's spinal orthopedist, Dr. Scuderi, on July 20, 2021.

The Pretrial Scheduling Order directed Plaintiff to serve her expert disclosures on or before May 19, 2021. Further, the Court's Pretrial Scheduling Order established a June 14, 2021 deadline for Defendant's expert disclosures — four (4) weeks after Plaintiff's disclosures were due. Thus, the Court's Pretrial Scheduling Order created the scenario where Plaintiff's expert disclosures were due before Defendant's expert disclosures, presumably so the defense experts could rebut plaintiff's experts, and because Plaintiff (and not Defendant) bears the burden of proof at trial.

Before Delta even appeared in this case, Plaintiff filed a motion seeking to extend this deadline. The Court denied Plaintiff's motion for extension of time and found that Plaintiff had failed to demonstrate good cause as to why an extension was needed. Plaintiff failed to identify any testifying expert, or serve any expert disclosure, on or before the May 19, 2021 deadline.

On June 14, 2021, less than a month after its counsel first appeared in this lawsuit (and only 40 days after first learning of this lawsuit) Delta Air Lines, Inc. served its Rule 26 Expert disclosure and reports in compliance with the Pretrial Scheduling Order. Delta disclosed:

- Gaetano J. Scuderi, M.D. – an orthopedic spine surgeon who will opine that Plaintiff suffers from severe osteopenia and osteoporosis and that, within a reasonable degree of medical probability, the alleged spinal fracture is not related to the aircraft landing on May 2, 2019.

- Steve Rundell, Ph.D. - a biomechanical engineer who will opine that the forces involved in this landing were less than 2.1G and within the regular forces experienced during an ordinary airplane landing. Dr. Rundell has also provided the opinion that a force of less than 2.1G is within the forces exerted on the spine during the normal activities of everyday living.

- Chief Pilot John S. Dunne – is the Delta Air Lines, Inc. Chief Pilot for the Boeing 717 aircraft fleet. The Boeing 717 is the aircraft model upon which Plaintiff was passenger at the time of the alleged incident. Captain Dunne will testify there is no evidence of a hard landing and the Delta crew landed the aircraft appropriately.

Before serving its June 14, 2021 disclosures, Delta served Plaintiff with discovery and interrogatories in an effort to gather information for the June 14, 2021 disclosure. Interrogatory question number 9 asked that Plaintiff identify "each act or omission" on the part of Delta that she contends constituted negligence. On June 18, 2021 (four days after Delta had served its own expert disclosures) Plaintiff served her answers to interrogatories and objected to disclosing any of her own expert opinions. Plaintiff objected to interrogatory number 9 on grounds that "it calls for expert opinion", and she further objected that the question was "premature since discovery has not yet advanced to the point that she can provide a full and complete response." *See* Plaintiff's Response to Defendant's First Set of Interrogatories attached hereto as Ex. "A."

Then, on June 23, 2021 (five weeks after her expert disclosure deadline, and after she had sufficient time to review and study Delta's expert disclosures), Plaintiff served her own Rule 26 Expert Disclosure and report wherein she disclosed a single purported Piloting and Airline Operations expert, Captain Thomas A. McHale. Delta respectfully requests the Court strike Plaintiff's Rule 26 Expert Disclosures, strike Plaintiff's expert report, and preclude Plaintiff from calling her late-disclosed, purported piloting expert from testifying in this action.

## II.  MEMORANDUM OF LAW

### A. Legal Standard

Federal Rule of Civil Procedure 26 requires a party to disclose to the other parties the identity of any witness it may use at trial to present expert testimony. *See* Fed. R. Civ. P. 26(a)(2). To make a proper disclosure, parties must disclose an expert's identity "accompanied by a written report." *Id.* at Rule 26(a)(2)(B). The written report must contain an array of information, including a "complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and the witness' qualifications, list of cases where the witness testified as an expert, the expert's fee arrangement, and exhibits used to summarize or support the expert's opinions. *See Id.* at Rule 26(a)(2)(B)(i)-(vi).

The purpose of Rule 26 is to safeguard against surprise. *Southpoint Condominium Association, Inc. v. Lexington Insurance Co.*, Case No. 19-cv-61365-BLOOM/Valle, 2020 WL 1515769 at * 4 (S.D. Fla. Mar. 3, 2020). And Federal Rule of Civil Procedure 37 exists to ensure parties comply with Rule 26. Pursuant to Rule 37:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P. 37(c)(1). Exclusion of a witness pursuant to Rule 37 for failure to comply with Rule 26 is "automatic and mandatory" unless the sanctioned party can demonstrate the violation of the Rule was either justified or harmless. *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996); *see also Dyett v. N. Broward Hosp. Dist.*, No. 03-60804-CIV, 2004 WL 5320630 (S.D. Fla. Jan. 21, 2004). "It is apparent, both from the rule and from the committee notes, that the drafters of the Federal Rules intended that courts take a party's failure to comply with an initial

5

disclosure or supplementation obligation seriously." *Wright v. Hyundai Motor Mfg. Ala., LLC*, No. 2:08CV61-SRW, 2010 WL 4739486, at *2 (M.D. Ala. Nov. 16, 2010).

Thus, a failure to comply with the expert witness disclosure requirements can result in the striking of expert reports or the preclusion of expert testimony. *Southpoint Condo. Assoc.*, 2020 WL 1515769 at * 4. Not surprisingly, courts in the District routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense. *Id.*; *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 3764126 at * 1 (S.D. Fla. July 30, 2014).

Regarding the timing to disclose expert testimony, ***expert disclosures must be made at the times and in the sequence that the court orders***. *Id.* at Rule 26(a)(2)(D) (emphasis added). If a party violates Rules 26(a), Rule 37(c) provides for the exclusion of the expert evidence "unless the failure was substantially justified or is harmless. *See Id.* at Rule 37(c)(1). A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive disclosure. *Id.* at 683. The non-disclosing party bears the burden of showing that the failure to comply with Rule 26 was substantially justified or harmless. *Southpoint Condominium Association, Inc. v. Lexington Insurance Co.*, Case No. 19-cv-61365-BLOOM/Valle, 2020 WL 1515769 at * 3 (S.D. Fla. Mar. 3, 2020). Generally, in making this determination, the Court may consider four factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, No. 09-60351, 2010 WL 1837724 (S.D. Fla. May 3, 2010) (striking plaintiff's four testifying experts, and holding that plaintiff could not excuse its lack of diligence in securing opinions due to missing information or documents – if such

is the case, then plaintiff's experts would necessarily have to work with certain assumptions or other information).

Ultimately, the "determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Southpoint Condominium Association, Inc.*, 2020 WL 1515769 at * 3; *Smith v. Jacobs Eng'g Grp., Inc.*, No. 4:06CV496-WS/WCS, 2008 WL 4264718 at * 6 (N.D. Fla. Mar. 20, 2008), *report and recommendation adopted*, No. 4:06 CV 496 WS, 2008 WL 4280167 (N.D. Fla. Sept. 12, 2008) (citation omitted); *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 3764126 at * 2 (S.D. Fla. July 30, 2014) (noting that a court has "great discretion in deciding whether to impose such a sanction" for failure to comply with expert witness disclosure requirements).

### B. Plaintiff's Expert Disclosures are untimely under the Scheduling Order

The Court's Pretrial Scheduling Order directed that Plaintiff shall serve her Rule 26 expert disclosure on or before May 19, 2021. Within the 30-day period following the disclosure, Plaintiff was to make her experts available for deposition by Delta, which would have been conducted without further Court order. *Id.* Delta's expert disclosure was thereafter due on or before June 14, 2021. Presumably, the purpose and timing of these staggered disclosures was to allow Delta to learn Plaintiff's theory of liability and damages, review and study the reports provided by the Plaintiff's testifying experts, and also take the deposition of Plaintiff's testifying experts (if desired) so Delta's own team of expert witnesses could prepare their own reports and opinions to further Delta's defense.

It is undisputed that Plaintiff failed to serve any expert report on or before May 19, 2021. Nor did Plaintiff obtain leave of Court or an extension of time that would permit Plaintiff to disclose testifying experts after the May 19, 2021 deadline. And obviously, there has been no

demonstration of excusable neglect or good cause shown for Plaintiff's delayed disclosure, and, at this point, the prejudice to Delta (having already made its own expert disclosures) is great.

### i. The importance of the excluded testimony

Based upon Plaintiff's expert disclosure, Captain McHale's testimony will be of little importance in this case. Federal Rule of Civil Procedure 26(a)(2)(B) requires the expert report must be signed by the witness and must contain a statement of compensation to be paid to the witness. Captain McHale's expert disclosure fails to comply with either of these requirements. Plaintiff's expert disclosure does not appear to be a formal expert report. Instead, it is a document titled "Preliminary Expert Statement" and it is not signed by Captain McHale. Also, the disclosure fails to contain any statement of compensation to be paid to the witness.

More importantly, although Plaintiff has disclosed Captain McHale as an "Airline Pilot/Airline Operations Expert", he has not disclosed any actual opinions the Delta pilots were negligent, or that Delta was negligent in its Airline Operations. Although he provides a lengthy description about why it is important for pilots to establish a "stabilized approach" for landing, and that "hard landings" may occur if a pilot continues to land during an "unstabilized approach" — Captain McHale fails to apply these concepts to the facts of this case. For example, he fails to provide any opinion about whether the Delta Pilots flew a "stabilized approach" in this case. Incredibly, he provides **no opinion** about whether the airplane actually experienced a "hard landing", or whether Plaintiff's injury was caused by a "hard landing".

Rather, the only clear "opinion" Captain McHale provides is that, "I believe her injury **was** related to this landing. I personally have observed the 'startle' effect amongst the passengers when the expected touchdown is suddenly a sharp jolt and many cry out in surprise." *See* Capt. McHale's Preliminary Expert Statement attached hereto as Ex. "B." (emphasis in original).

As an Airline Pilot and Airline Operations Expert, Captain McHale's "belief" that Ms. Phillip's T8 spine fracture is related to the landing is of little importance and outside his area of expertise. This opinion appears to be an attempted rebuttal to the opinions of Delta's biomechanical engineer and orthopedic surgeon who have each opined that Plaintiff's injury is not related to the landing (which, again, would not even be possible if Plaintiff had submitted its expert disclosure in the appropriate order).

Also, Captain McHale's observation that he has personally observed the "startle" effect amongst passengers is irrelevant and, frankly, outside his field of expertise. Whether or not Ms. Phillips was "startled" by an otherwise normal landing is of no importance in this case. What matters is whether the Delta pilots operated the aircraft correctly, and whether the aircraft experienced a "hard landing". Captain McHale offers no material opinions to help the jury make these determinations, nor is he a human factors expert capable of describing the effect of being "startled" in the context of an alleged "hard landing". For the above reasons, Captain McHale's testimony is of little importance in this case, does not assist the trier of fact, and should be stricken.

### ii. Delta will suffer incurable prejudice if Plaintiff is permitted to call Captain McHale at trial

Plaintiff's delayed disclosure after it had already been provided Delta's expert disclosures creates irreparable prejudice to Delta. "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Bowe v. Pub. Storage,* 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015)

Delta will suffer incurable prejudice because the cat is out of the proverbial bag. On June 14, 2021, when Delta disclosed its testifying experts, Plaintiff learned all of the opinions that Delta will offer in its case-in-chief. Delta's defense strategy has now been revealed, and Plaintiff should

not be permitted to strategize and prepare her own expert theories of liability so she can avoid Delta's defenses.

Further, Delta had no meaningful opportunity to perform any expert discovery or depositions of Plaintiff's experts before disclosing its own testifying experts. For example, based upon the allegations of the First Amended Complaint and Plaintiff's answers to interrogatories, Delta's experts have focused their investigation on the G forces the aircraft experienced at the moment the airplane landed on the runway. Delta has disclosed expert testimony from a biomechanical engineer and a piloting expert that the data captured by the airplane shows the landing was normal and within industry standards for G loading of the passengers and airplane.

Plaintiff's piloting expert tries to avoid this defense by suggesting that the "approach" to the airport may have been "unstable". He further suggests that "if" the approach was unstable, the Delta pilots should have aborted the landing and performed a "go around". Now that Plaintiff has seen Delta's defense, Plaintiff is trying to change her liability theory from a "hard landing" to an "unstable approach". Her piloting expert claims the "unstable approach" may have "startled" the passengers and caused Ms. Phillips injury. Plaintiff's expert has recognized that, due to the passage of time, Delta has not been able to locate data to replicate the actual approach. Plaintiff is now trying to steer her liability theory to take advantage of that perceived weakness — all of which serves to unfairly prejudice Delta.

The Pretrial Scheduling Order in this case was designed to require Plaintiff to disclose her testifying experts, and then for Delta to respond. Plaintiff has turned that process on its head. Indeed, Captain McHale even lists Delta's expert reports as a factual basis for his expert opinions! *See* Plaintiff's Expert Disclosure attached hereto as Ex. "C." This is completely backwards, and contrary to the Court's prior Order denying Plaintiff's request for an extension of time. Plaintiff

should not be permitted to rely upon the reports prepared by Delta's testifying experts in preparing her own initial expert report for her case-in-chief.

### iii. The (Lack of) Explanation of Plaintiff for her Failure to Comply with the Required Disclosure

At this time, it is unknown why Plaintiff failed to comply with the Pretrial Scheduling Order. The alleged incident occurred on May 2, 2019. Plaintiff had over two (2) years to retain and prepare her Rule 26 expert reports prior to the May 19, 2021 disclosure deadline. Rather than preparing her case-in-chief, Plaintiff filed a motion for extension of time which the Court denied. Captain McHale's Preliminary Expert Statement shows he did not interview Ms. Phillips until June 17, 2021 — which is three (3) days after Delta served its own expert disclosures. Plaintiff has provided no explanation for this delay. Despite the Court's previous denial of this motion, Plaintiff still attempts to serve her untimely expert disclosures.

If a party violates Rules 26(a), Rule 37(c) provides for the exclusion of the expert evidence "unless the failure was substantially justified or is harmless. *Warren v. Delvista Towers Condo. Ass'n, Inc.,* No. 13-23074-CIV, 2014 WL 3764126 (S.D. Fla. July 30, 2014). The record of this case shows that, even after issuance of the Pretrial Scheduling Order, Plaintiff took no action to prosecute this lawsuit, and there is nothing to indicate any substantial justification for such failure. At the same time, Plaintiff's failure to timely disclose her testifying experts was not harmless, and her non-compliance with the Pre-Trial Scheduling Order has caused irreparable harm and prejudice to Delta as outlined above.

### iv. The Availability of a Continuance to Cure the Prejudice is Nonexistent

The final factor the Court may consider is whether a continuance or further extension of time may cure the prejudice. Again, as previously explained, the damage has already been done, and Delta's defense strategy has already been exposed.

Plaintiff has had many opportunities to prevent any prejudice to Delta. First, Plaintiff could have obtained timely service on Delta and actively prosecuted her case after issuance of the Pretrial Scheduling Order. Unfortunately, Plaintiff failed to do so, and further failed to provide any good cause in her motion for extension of time filed on May 5, 2021. On June 2, 2021, the Court entered its Order denying Plaintiff's motion for extension of time, and denying the Parties' proposed Joint Scheduling Report. Thereafter, anytime between June 2, 2021 and June 8, 2021 (when Delta filed its Answer) Plaintiff could have cured the potential prejudice by filing a voluntary dismissal without prejudice, but instead she elected to continue prosecuting this case. Similarly, anytime between June 8, 2021 and June 14, 2021 (to save Delta from disclosing its experts) Plaintiff could have approached Delta with a stipulation for dismissal without prejudice, but again she elected to continue with the prosecution of this case. As a result, Delta filed its own Motion to Modify Scheduling Order on June 9, 2021, and thereafter disclose its own testifying experts on June 14, 2021.

Granting Plaintiff a continuance at this point would only allow Plaintiff to benefit from her own inaction. In addition, a continuance of the existing deadlines cannot cure the prejudice of Plaintiff knowing exactly what opinions her experts will need to defeat to prevail on her claim.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, Delta respectfully requests that this Court grant its Motion to Strike Plaintiff's Expert Disclosures, strike Captain Thomas A. McHale's expert report, bar Captain Thomas A. McHale from testifying in this matter, and for all other relief the Court deems just and proper under the circumstances.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

WE HEREBY CERTIFY that on June 23, 2021, counsel for Delta conferred via e-mail with the Plaintiff's counsel in a good faith effort to resolve the issues raised in this Motion, however, Plaintiff's counsel did not agree to the relief requested herein. The Parties conferred again via telephone on July 12, 2021 but were unable to reach an agreement.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on July 13, 2021, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

*/s/ Jennifer Castro*
Dennis M. O'Hara, Esquire
Florida Bar No. 148434
dohara@wickersmith.com
Christopher J. Jahr, Esquire
Florida Bar No. 73066
cjahr@wickersmith.com
Jennifer Castro, Esquire
Florida Bar No. 48721
jcastro@wickersmith.com
WICKER SMITH O'HARA MCCOY & FORD, P.A.
*Attorneys for Delta Air Lines, Inc.*
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
P.O. Box 14460
Ft. Lauderdale, FL 33302
Phone: (954) 847-4800
Fax:   (954) 760-9353
ftlcrtpleadings@wickersmith.com