UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-80413-CV-MIDDLEBROOKS/Matthewman

HENRIETTA PHILLIPS,

    Plaintiff,

v.

DELTA AIR LINES,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendant Delta Air Lines' Motion for Summary Judgment, filed October 13, 2021. (DE 48). The Motion is fully briefed. (DE 53; DE 58). For the reasons set forth below, the Motion is granted.

## BACKGROUND

Plaintiff initiated this action on February 26, 2021 against Delta Air Lines to recover for injuries allegedly suffered during a rough landing on Delta Flight DL2432 from Fort Lauderdale, Florida to Raleigh, North Carolina on May 2, 2019. (DE 1; DE 5 ¶ 5). According to Plaintiff, the flight crew "failed to monitor the approach speed and rate of descent which caused the aircraft to impact the runway at an excessive vertical rate of speed, which resulted in a violent jolt inside the cabin." (DE 5 ¶ 6). As a result, Plaintiff claims to have suffered permanent back and spinal injuries, including a compression fracture in her spine. (*Id.*; DE 53 at 3). In her single-count negligence complaint, Plaintiff alleges that Defendant was negligent in that it violated "the highest degree of care for its passengers' safety . . . by failing to operate DE 2432 in a safe and responsible manner" and "failing to train its flight crew in the safe and non-hazardous operation of its aircraft," which directly and proximately caused her injuries. (*Id.* ¶¶ 10–11).

Defendant moves for summary judgment on two grounds: (1) the state law standard of care is preempted by the Airline Deregulation Act, and Plaintiff lacks evidence of a violation of the standard of care set forth therein; (2) Plaintiff lacks evidence of medical causation to show that the alleged "hard landing" caused Plaintiff's injuries. (DE 48).

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is "material" if it "might affect the outcome of the suit under the governing law." *Talavera v. Shah*, 638 F.3d 303, 308 (D.C. Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute over a material fact is "genuine" if it could lead a reasonable jury to return a verdict in favor of the nonmoving party. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge at summary judgment." *Barnett v. PA Consulting Grp., Inc.*, 715 F.3d 354, 358 (D.C. Cir. 2013) (quoting *Pardo-Kronemann v. Donovan*, 601 F.3d 599, 604 (D.C. Cir. 2010)).

The moving party bears the "initial responsibility of informing the district court of the basis for [its] motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits which [it] believe[s] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or depositions, answers to interrogatories, and admissions on file, 'designate' specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal citations omitted). If the non-moving party fails to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,]" summary judgment is warranted.

*Id.* at 322. The party moving for summary judgment bears the burden of establishing that there is insufficient evidence to support the non-moving party's case. *Id.* at 325. Moreover, "[t]he court must view all evidence in the light most favorable to the non-movant and must resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1557–58 (11th Cir. 1990) (citation omitted).

## DISCUSSION

### A. Expert Testimony on Medical Causation

Summary judgment is warranted because Plaintiff lacks expert medical testimony, which is required to meet her burden on the element of causation due to the nature of her claim and her pre-existing back-related ailments. "To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg*, 260 F. 3d 1260, 1262 (11th Cir. 2001) (citing *Paterson v. Deeb*, 472 So. 2d 1210, 1214 (Fla 1st DCA 1985)). "Florida has adopted a preponderance standard for causation in . . . negligence . . . actions; a mere possibility of causation is not enough." *Hessen for Use and Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F. 2d 641, 647 (11th Cir. 1990) (internal citation omitted).

In a negligence action "[w]hen the causal link between alleged injuries and the incident at issue is not readily apparent to a lay person, expert medical testimony as to medical causation is typically required." *Rivera v. Royal Caribbean Cruises Ltd.*, 711 F. A'ppx 952, 954 (11th Cir. 2017) (per curiam);[1] *Vero Beach Care Center v. Ricks*, 476 So. 2d 262, 264 (Fla 1st DCA 1985)

---

[1] I note that the *Rivera* court applied maritime law, but this does not detract from its applicability here. Courts rely on "general principles of negligence law" when applying maritime law, which includes the above-stated principle. *Rivera*, 711 F. A'ppx at 954. In *Kellner v. NCL (Bahamas), LTD.*, Judge Wilson noted in a concurring opinion that the above-quoted rule is "based on Florida state law." 753 F. A'ppx 662, 668 (11th Cir. 2018) (citing *Vero Beach*, 476 So. 2d at 264).

3

("[L]ay testimony is legally insufficient to support a finding of causation where the medical condition involved is not readily observable."); *Benitez v. Joseph Trucking, Inc.*, 60 So. 3d 428, 431 (Fla. 5th DCA 2011) ("Expert testimony is only necessary to establish legal causation where the issue is beyond the common knowledge of laymen").

Florida courts have held that back injuries are not readily apparent and thus require expert medical testimony. *See Vero Beach Care Ctr.*, 476 So. 2d at 264 n. 1 ("Soft-tissue injuries, such as lower back difficulties, are not readily observable, and hence are not susceptible to evaluation by lay persons." (internal citation omitted)); *Crest Prods. v. Louise*, 593 So. 2d 1075, 1077 (Fla. 1st DCA 1992) (finding that pain in the "low back . . . is not the result of a 'readily observable' medical condition" and thus expert testimony was required to establish causation); *Kellner v. NCL (Bahamas), LTD.*, 753 F. A'ppx 662, 668 (11th Cir. 2018) (Wilson, J. concurring) (citing *Crest Products* to distinguish lower back pain, which is not readily observable, from a foot injury apparent in photographs); *Wilson v. Taser Int'l, Inc.*, 303 F. A'ppx 708, 715 (11th Cir. 2008) (applying Georgia law)[2] (affirming that the inference that a taser gun shock caused compression fractures in the plaintiff's spine "is not a natural inference that a juror could make through human experience," rendering expert testimony essential to prove causation).

Expert testimony is also necessary where, as here, the plaintiff has suffered prior relevant ailments so as to distinguish between prior injuries and injuries caused by the alleged negligent conduct. *See Rivera*, 711 F. A'ppx at 955 (finding that a plaintiff failed to meet her burden on proximate causation in part because "without medical expert testimony, it is not possible to

---

[2] This was a products liability case brought under Georgia law, which requires expert testimony to prove proximate causation. *Wilson*, 303 F. A'ppx at 715.

4

distinguish between the ailments [plaintiff] experienced before the fall and those she experienced after—and due to—the fall").

Because Plaintiff, the non-moving party, bears the burden of proof on this issue at trial, Defendant must only show "that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Plaintiff's alleged injuries include "an 'age indeterminate' inferior endplate compression fracture of the T8 vertebrae." (DE 49 ¶ 5; DE 57 ¶ 5). It is undisputed that prior to and during the May 2, 2019 flight, 75-year-old Plaintiff suffered from "severe osteoporosis." (DE 49 ¶¶ 3, 69; DE 57 ¶¶ 3, 69). Plaintiff also states that she suffered from arthritis in her spine, despite her lack of awareness of that condition and her lack of pain. (DE 57 ¶¶ 70, 75).[3] These facts render expert medical testimony necessary in order for Plaintiff to be able to demonstrate that a triable issue exists on the element of causation.

Defendant points to Plaintiff's lack of evidence of medical causation, namely, Plaintiff's failure to produce any expert medical opinion on causation. (DE 48 at 12). Plaintiff disclosed only one expert on her Federal Rule 26(a) disclosures, Captain Thomas A. McHale, who I struck on October 12, 2021. (DE 49 ¶¶ 77–78; DE 57 ¶¶ 77–78; DE 46).[4] Defendant further notes that its

---

[3] Additionally, the undisputed facts show that Plaintiff felt no pain and detected no injury following the landing (DE 48 ¶ 13; DE 57 ¶ 13), walked off the plane and through the airport without incident (DE 48 ¶ 16; DE 57 ¶ 16) and retrieved her forty-pound bag from the carousel and wheeled it outside without assistance (DE 48 ¶ 17–18; DE 57 ¶ 17–18), as she had done prior to the flight. (DE 48 ¶ 9; DE 57 ¶ 9). Plaintiff began to experience pain later that evening on Thursday May 2 (DE 48 ¶ 20; DE 57 ¶ 20), and first sought medical attention on Sunday May 5, two-and-one-half days after the flight. (DE 48 ¶ 21; DE 57 ¶ 21)). Further, Plaintiff participated in rehearsals and performances of several singing and tap-dancing routines following her May 2019 diagnosis. (DE 49 ¶ 6; DE 57 ¶ 6).

[4] I note that Defendant has a pending Motion in Limine (DE 51) seeking to exclude Plaintiff's physicians from testifying as experts, despite Plaintiff listing them under a header "experts" on her witness list (DE 51-2). Plaintiff provided no reports under either Federal Rules of Civil Procedure 26(a)(2)(B) or 26(a)(2)(C) for any treating physician. (DE 51-1; DE 51-2). Treating physicians need not provide expert reports under Federal Rule 26(a)(2)(B), however, in order to testify as an

expert, Dr. Scuderi, an orthopedic spine surgeon, will offer the sole medical expert opinion on causation. (DE 48 at 12). It is undisputed that Dr. Scuderi's opinion is that Plaintiff's spinal fracture is unrelated to the flight. (DE 48 ¶ 71; DE 57 ¶ 71). It is Dr. Scurderi's opinion that the fracture preexisted May 2, 2019 because the MRI scans indicated an old facture consistent with osteoporosis unrelated to trauma, and because Plaintiff felt no immediate pain and did not seek immediate medical attention. (DE 48 at 12; DE 49-7). Summary judgment is appropriate where expert medical causation is required and lacking. *See Allison v. McHgan Med. Corp.*, 184 F. 3d 1300, 1322 (11th Cir. 1999) (affirming a grant of summary judgment on a negligence claim when expert testimony on causation was required and no admissible expert testimony existed); *Wilson*, 303 F. A'ppx at 715–16 (same).

**B.   Plaintiff's Arguments**

Defendant thus satisfies its burden, so Plaintiff must "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (internal citation omitted). Plaintiff must prove the existence of "evidence on which the jury could reasonably find for the plaintiff . . . [t]he mere scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In Response to Defendant's Motion, Plaintiff did not offer any record evidence or make any attempt to contest the lack of evidence of

---

expert if not retained as such, those witnesses must comply with Federal Rule 26(a)(2)(C) (requiring the witness to provide a written report disclosing: "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705[] and a summary of the facts and opinions to which the witness is expected to testify"). In her response to this Motion for Summary Judgment, her response to Defendant's Statement of Material Facts and her Additional Statement of Material Facts, Plaintiff makes no reference to the subject matter of the testimony of any of her treating physicians. It is unclear whether Plaintiff has simply abandoned the use of these witnesses or whether her failure to rebut this argument demonstrates her concession that her physicians cannot offer the requisite expert testimony. Whatever the scenario, the fact remains that Plaintiff cannot meet her burden on causation.

medical causation or argue that expert testimony is not required. Rather, Plaintiff makes three arguments, none of which suffice to create a genuine issue of material fact.

### 1. Plaintiff's Testimony

Plaintiff first contends that the fact that an accident occurred and that she was injured and felt no pain prior to May 2, 2019, to which she will testify, constitutes sufficient proof that her spinal fracture occurred because of the alleged hard landing. (DE 53 at 18). The mere fact of an accident or a temporal relationship does not itself demonstrate that the claimed injury was *caused* by the accident. *Miller v. Aldrich*, 685 So. 2d 988, 990 (Fla. 5th DCA 1997) ("The fact that an accident occurred does not, in an ordinary case, establish . . . causation."); *Kaelbel Wholesale, Inc. v. Soderstrom*, 785 So. 2d 539, 549–50 (Fla. 4th DCA 2001) ("Temporal proximity, standing alone, is insufficient to support causation."). Plaintiff's lay testimony is also insufficient to establish medical causation for the reasons previously stated. Even so, Plaintiff's argument here amounts to no more than mere speculation, on which Plaintiff cannot rely to meet her burden on summary judgment. *See Cox v. St. Josephs Hosp.*, 71 So. 3d 795, 799–800 (Fla. 2011).

### 2. Defendant's Experts

Next, Plaintiff attacks the sufficiency of the testimony of Dr. Scuderi (DE 53 at 19), which does nothing to identify evidence in the record of *her prima facie case*. Plaintiff does not dispute that Dr. Scuderi will opine that the flight did not cause her spinal fracture. (DE 48 ¶ 71; DE 57 ¶ 71). But she argues that Dr. Scruderi fails to account for her lack of pain preceding May 2, 2019 and her lack of a prior diagnosis of a fracture. (DE 53 at 19; DE 57 ¶ 70). This dispute is not material because it cannot change the outcome; Plaintiff still lacks the requisite expert testimony to establish her prima facie case on the element of causation. *See Chapman v. Procter & Gamble Distrib., LLC*, 766 F. 3d 1296, 1312 (11th Cir. 2014) ("When a party fails to proffer a sufficient

7

showing 'to establish the existence of an element on which that party will bear the burden of proof at trial,' there is no genuine dispute regarding a material fact." (internal citation omitted)).

3. *Res Ipsa Loquitor*

Finally, Plaintiff argues that *res ipsa loquitor* applies and thereby precludes summary judgment. (DE 53 at 19–20). Plaintiff devotes less than a page of her brief to this argument and cites to nearly no law. (*See id.*). Nevertheless, the doctrine is inapplicable. The Florida Supreme Court has stressed that *res ipsa* is "of extremely limited applicability." *Goodyear Tire & Rubber Co. v. Hughes Supply, Inc.*, 358 So. 2d 1339, 1341 (Fla. 1978); *McDougald v. Perry*, 716 So. 2d 783, 785 (Fla. 1998). It is an evidentiary rule that allows a "common-sense inference of negligence where" the plaintiff establishes that: (1) "direct proof of negligence is wanting[;]" (2) "the instrumentality that caused the plaintiff's injury was under" the defendant's "exclusive control[;]" and (3) the accident "would not, in the ordinary course of events, have occurred without negligence." *See McDougald*, 716 So. 2d at 785 (quoting *Goodyear*, 358 So. 2d at 1341–42).

In support, Plaintiff merely argues that she followed all safety instructions and was nonetheless injured, and "thousands of commercial landings [occur] daily . . . and passengers ordinarily do not get hurt unless an airline crew is negligent." (DE 53 at 19–20). Plaintiff cites to no record evidence to support this argument. (*See id.*). Plaintiff presumably intends to testify that she followed instructions and present her medical records to prove her injuries.[5] As best as I can discern from Plaintiff's scant argument on this issue, she seems to suggest that the fact of the alleged injury, combined with what she contends was a "hard landing," suffice to show both breach

---

[5] Some courts also expressly include in the *res ipsa* elements whether the injured party was at fault. *See United States v. Baycon Indus., Inc.*, 804 F. 2d 630, 633 (11th Cir. 1986) (applying admiralty law). Plaintiff's fault or lack thereof with respect to the actions she took on the plane are not at issue and ultimately does not impact my finding that *res ipsa* is not applicable in this case.

8

and causation. Based on my understanding of the case law in this area, I question whether *res ipsa* would salvage Plaintiff's negligence case with respect to the element of causation even if it supplies an inference of breach, of which I am also not convinced.

As to breach, the mere fact of an injury does not permit an inference of negligence except in the rare case where "the facts of an accident in and of themselves establish that but for the failure of reasonable care by the person or entity in control of the injury producing object or instrumentality the accident would not have occurred." *See McDougald*, 716 So. 2d at 785 (citing *Goodyear*, 358 So. 2d at 1341–42). When the facts of the accident speaks for themselves, the court can "take[] judicial notice of facts which everyone knows[;]" for example, it is common sense that, absent negligence, trains generally do not derail and boilers do not explode. *Id.* at 785–86 (quoting Restatement (Second) of Torts § 328D (1965)). Where, as here, "there is no fund of common knowledge which may permit laymen reasonably to draw the conclusion," expert evidence is typically required. *See id.* at 785–786 (quoting Restatement (Second) of Torts § 328D (1965)).

A hard landing does not rise to that level of common-sense negligence such that Plaintiff's self-serving testimony suffices to create a jury question. The functionality of an aircraft during landing is outside of the common knowledge of laypersons. The facts of this accident thus require more to explain how a hard landing would not have occurred but for Defendant's failure to exercise due care, given that laypersons lack a "a fund of common knowledge" from which to infer that proposition. *See id.* at 785–786 (internal citation omitted); *see also Anderson v. Gordon*, 334 So. 2d 107, 109 (Fla 3rd DCA 1976) (finding *res ipsa* inapplicable in a medical malpractice case where "expert medical evidence is required to show not only what was done, but how and why it occurred since the question is then outside the realm of the layman's experience"); *Orange Cnty., Fla. v. Whitehead*, 309 So. 3d 311, 314 (Fla. 5th DCA 2020) (holding that *res ipsa* was not applicable in

part because the plaintiff could not show that a malfunctioning electronic gate was the probable cause of her injury because the plaintiff failed to present expert testimony regarding how the gate worked and whether a malfunction could cause the claimed injury). No evidence appears in the record to support Plaintiff's overbroad conclusion that injuries do not occur during landing absent negligence. *See Ellis v. England*, 432 F. 3d 1321, 1326 (11th Cir. 2005) ("[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion.").

As to causation, even if an inference of breach is permissible by invoking the doctrine of *res ipsa*, the doctrine still generally requires, in addition to an injury, "a sufficient showing of [the injury's] *immediate, precipitating cause.*" *Goodyear*, 358 So. 2d at 1342 (emphasis added); *see also Tesoriero v. Carnival Corp.*, 965 F. 3d 1170, 1182 (11th Cir. 2020) (applying maritime law)[6] ("*Res ipsa loquitor* provides no assistance to a plaintiff's obligation to demonstrate . . . that a breach of [a] duty *was a substantial factor in causing plaintiff harm* or that such a harm resulted in actual damages" (emphasis added)). And while Plaintiff need not eliminate every alternate cause, she must present "evidence from which reasonable persons can say that on the whole it is more likely [than not that] negligence [was] associated with the cause of the event." *McDougald*, 716 So. 2d at 786 (quoting W. Page Keeton, et al., *Prosser and Keaton on the Law of Torts*, § 39, at 248 (5th ed.1984)); *see also Goodyear*, 358 So. 2d at 1341 (the plaintiff bears the burden to show that the circumstances attendant to the injury are such that . . . negligence is the probable cause and the defendant is the probable actor."). In advancing this argument, the only circumstantial facts Plaintiff contends are indicative of negligence are that the accident occurred, that Delta controlled the plane, and that she followed the safety instructions. (DE 53 19). Especially

---

[6] Under maritime law, general negligence principles are applied. *Tesoriero*, 965 F. 3d at 1178. The doctrine of *res ipsa* under admiralty law "is not totally unique but neither is it routine." *Id.* at 1180 (quoting *United States v. Baycon Indus., Inc.*, 804 F. 2d 630, 633 (11th Cir. 1986)).

in light of Plaintiff's prior back related ailments, including severe osteoporosis, Plaintiff would be required to point to some record evidence to show that Defendant's negligence was more likely than not involved in causing her injury to support the applicability of *res ipsa*. As she fails to do so, Plaintiff has not created a fact question on the issue of causation.

*Res ipsa* is additionally inapplicable because Plaintiff has neither claimed nor made any showing that direct evidence negligence is undiscoverable or unprovable. *See Goodyear*, 358 So. 2d at 1342 (finding that *res ipsa* was not applicable in part because "the facts surrounding the incident were discoverable and provable"); *City of New Smyrna Beach Utilities Comm'n v. McWhorter*, 418 So. 2d 261, 262 (Fla. 1982) ("[I]t is incumbent upon the plaintiff to present his or her case in a manner which demonstrates and satisfies each of the doctrine's requisite elements and only after the plaintiff carries this burden of proof may a court supply the inference."). Accordingly, *res ipsa* does not preclude summary judgment.

## CONCLUSION

For the foregoing reasons, summary judgment is granted to Defendant on Plaintiff's single count of negligence. Additionally, because I find that Plaintiff cannot meet her burden on causation, I need not address Defendant's additional argument with respect to the standard of care. Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1)   Defendants' Motion for Summary Judgment (DE 48) is **GRANTED**.

(2)   Defendant's Motion in Limine (DE 51) is **DENIED AS MOOT**.

(3)   Judgment in favor of Defendant will be entered by separate order.

**SIGNED**, in Chambers, at West Palm Beach, Florida, this 30th day of November, 2021.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record